IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN M. HARDIMON and | ) | |
| SARAH Z. McBRIDE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-0382-MJR-DGW |
| | ) | |
| AMANDA O'CONNOR and | ) | |
| H3 CAPITAL, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM AND ORDER**

REAGAN, District Judge:

On May 10, 2011, John M. Hardimon filed a pro se civil lawsuit in this District Court using a form designated "Pro Se Civil Rights Complaint (Non-Prisoner)" and listing two Plaintiffs, himself and his wife (Sarah Z. McBride). Along with the complaint, Hardimon filed a motion seeking leave to proceed in forma pauperis (without prepaying fees or costs) and a motion for appointment of counsel. The case comes now before the undersigned Judge for threshold subject matter jurisdiction review and on Hardimon's request for leave to proceed in forma pauperis ("IFP").

"Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." *Winters v. Fru-Con, Inc.*, **498 F.3d 734, 740 (7th Cir. 2007),** quoting *McCready v. White*, **417 F.3d 700, 702 (7th Cir. 2005), and** citing *Steel Co. v. Citizens for a Better Environment*, **523 U.S. 83 (1998).** So, when a new lawsuit is filed in

this Court, the complaint must be examined to make sure that federal subject matter jurisdiction lies over the lawsuit.

Additionally, if the plaintiff wants to proceed in formapauperis (as do Plaintiffs here), the district court must screen the complaint and dismiss with prejudice any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted. *See* **28 U.S.C. § 1915(e)(2);** *Gladney v. Pendleton Corr. Facility*, **302 F.3d 773 775 (7th Cir. 2002),** *cert. denied,* **538 U.S. 910 (2003).**

More specifically, 28 U.S.C. § 1915(a)(1) authorizes a federal district court to allow a civil case to proceed without prepayment of fees, if the movant submits an affidavit that includes a statement of all assets he possesses which demonstrates that he is unable to pay the fees or give security therefor.However, 28 U.S.C. § 1915(e)(2) requires this Court to carefully scrutinize the IFP motion and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous[1] or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.*

In the instant case, Plaintiffs' complaint does not survive threshold jurisdictional review. First, the complaint does not disclose (and the undersigned Judge cannot discern) any valid basis for subject matter jurisdiction in this United States District Court. Jurisdiction is not invoked under the federal diversity statute (and likely

---

[1] As to frivolity -- if a suit filed IFP is irrational or delusional, § 1915(e) requires the district court to dismiss it. And if the allegations of the complaint are so fanciful that they fail to engage the court's subject matter jurisdiction, the dismissal should be without prejudice. *See Gladney*, **302 F.3d at 774;** *African-American Slave Descendants Litig.*, **471 F.3d 754, 758 763 (7th Cir. 2006).**

would not lie, as it appears that both Plaintiffs and at least one Defendant are Illinois citizens). The complaint form which Plaintiffs used references federal question jurisdiction based on civil rights violations, but Plaintiffs' complaint contains no allegations fitting that description. Plaintiffs complain that a real estate broker (Defendant O'Connor, who works for Defendant H3 Capitol, LLC) "drew up a fraudulent listing contract" for Plaintiffs' home, set the asking price inappropriately low, did so without securing Plaintiffs' consent, and fraudulently signed Plaintiffs' names on the listing contract. Plaintiffs seek $25,000 in compensatory damages and $3,000,000 in punitive damages, plus an order requiring O'Connor to appear in court and answer questions posed to her by Plaintiff Hardimon.

Neither Plaintiff is a lawyer, and pro se pleadings must be liberally construed. *See, e.g., Koons v. United States*, -- F.3d. --, 2011 WL 1584998 (7th Cir. April 28, 2011); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). So construing the complaint, and overlooking several procedural defects that might be correctable via amendment (*e.g.*, the fact Plaintiff Hardimon purports to have signed the complaint and IFP motion for himself and on behalf of Plaintiff McBride), the complaint alleges no *federal* claim or *federal* cause of action. It does not allege violation of any federal statute, infringement on a right guaranteed by the United States constitution, or other federally-based theory of recovery.

Federal question jurisdiction exists if the plaintiff's right to relief was created by or depends on a *federal* statute or constitutional provision. *See, e.g., Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003). Stated another way:

"It is standard learning that federal question jurisdiction arises only when the complaint standing alone 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Id., citing Minor v. Prudential Securities, Inc.,* **94 F.3d 1103, 1105 (7th Cir. 1996), and** *quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* **463 U.S. 1, 27-28 (1983).**

Here, read generously, Plaintiffs' complaint attempts to allege fraud, forgery, breach of contract, breach of a fiduciary duty, or perhaps violation of Illinois laws governing real estate transactions or protecting against consumer fraud – all of which might appropriately be filed in state court, none of which supports the exercise of jurisdiction by this Court under the federal question statute (28 U.S.C. § 1331), the "civil rights and elective franchise" statute (28 U.S.C. § 1343), or the "civil action for deprivation of rights" statute (42 U.S.C. § 1983).No other basis for federal jurisdiction is alleged. Nor can the Court divine a basis for federal jurisdiction over the acts of which Plaintiffs complain.

Accordingly, this Court **dismisses** the above-captioned action for lack of subject matter jurisdiction. Dismissal shall be without prejudice to filing in a court of competent jurisdiction.

IT IS SO ORDERED.

DATED June 2, 2011.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge